IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **VCC, LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action No. |
| | § | |
| **GREENWICH INSURANCE COMPANY, et al.** | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff VCC, LLC ("Plaintiff" or "VCC") and files this Original Petition against Defendants Greenwich Insurance Company, Max Specialty Insurance Company, Landmark American Insurance Company, Scottsdale Insurance Company, America First Lloyds, Liberty Mutual Insurance Company, Cypress Texas Insurance, Nautilus Insurance Company, Peerless Indemnity Insurance Company, Lexington Insurance Company, General Insurance Company, Essex Insurance Company, and Selective Insurance Company. Plaintiff respectfully would show this Court the following:

### I.   THE PARTIES

1. Plaintiff VCC, LLC, Inc. is an Arkansas corporation with its principal place of business in Arkansas.

2. Upon information and belief, Defendant Greenwich Insurance Company is a Delaware corporation with its principal place of business in Stamford, Connecticut. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent C T Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

- 2 -

3. Upon information and belief, Defendant Max Specialty Insurance Company is a Delaware corporation with its principal place of business in Glen Allen, Virginia. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

4. Upon information and belief, Defendant Landmark American Insurance Company is an Oklahoma corporation with its principal place of business in Atlanta, Georgia. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

5. Upon information and belief, Defendant Scottsdale Insurance Company is an Ohio corporation with its principal place of business in Scottsdale, Arizona. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

6. Upon information and belief, Defendant America First Lloyds is a Texas corporation with its principal place of business in Boston, Massachusetts. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent Corporation Service Company 211 East 7th Street Suite 620, Austin TX 78701 -3218.

7. Upon information and belief, Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be

served with process through its certified agent Corporation Service Company 211 East 7th Street Suite 620, Austin TX 78701 -3218.

8. Upon information and belief, Defendant Cypress Texas Insurance is a Texas corporation with its principal place of business in Jacksonville, Florida. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent Burnie Burner, 500 W 5th St Ste 1150, Austin TX 78701 -3835.

9. Upon information and belief, Defendant Nautilus Insurance Company is an Arizona corporation with its principal place of business in Scottsdale, Arizona. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

10. Upon information and belief, Defendant Peerless Indemnity Insurance Company is an Illinois corporation with its principal place of business in Boston, Massachusetts. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent Corporation Service Company 211 East 7th Street Suite 620, Austin TX 78701 -3218.

11. Upon information and belief, Defendant Lexington Insurance Company is a Delaware corporation with its principal place of business in Boston, Massachusetts. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

12. Upon information and belief, Defendant General Insurance Company is a New Hampshire corporation with its principal place of business in Boston, Massachusetts. Defendant

is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent Corporation Service Company 211 East 7th Street Suite 620, Austin TX 78701 -3218.

13. Upon information and belief, Defendant Essex Insurance Company is a Delaware corporation with its principal place of business in Glen Allen, Virginia. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

14. Upon information and belief, Defendant Selective Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its certified agent C T Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201 -3136.

## II.     JURISDICTION AND VENUE

15. This is an action for declaratory relief regarding insurance coverage pursuant to 28 U.S.C. §2201 and FED. R. CIV. P. 57 for the purpose of determining an actual controversy between the parties.

16. Jurisdiction in this action is based on 28 U.S.C.§1332(a), as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Each Defendant's liability, including defense costs owed to VCC, is in excess of $75,000.00, exclusive of interest and costs.

17. Venue is proper in the McAllen Division, of the Southern District of Texas, pursuant to 28 USC§1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the McAllen division of the Southern District of Texas, and the insurance policies at issued covered a project within the district.

### III. FACTUAL BACKGROUND

18. Plaintiff filed a lawsuit styled Cause Number C-1269-16-B, *VCC, LLC v. Pharr-San Juan-Alamo Independent School District*, in the 93rd Judicial District Court Hidalgo County, Texas (the "Underlying Lawsuit"), seeking payment on a construction contract entered into between Plaintiff and Pharr-San Juan-Alamo Independent School District ("PSJA"). PSJA filed a counterclaim against VCC, alleging construction defects.

19. The Underlying Lawsuit arises out of the construction of two schools, namely Jaime Escalante Middle School (the "Middle School")and PSJA Southwest Early College High School (the "High School"), for which VCC was the general contractor. The Underlying Lawsuit is proceeding with regard to all allegations related to the High School. The claims arising out of the construction of the Middle School are effectively stayed at this time and will be litigated and tried at a later date.

20. VCC subcontracted portions of the work at the High School to Alliance Specialized, C & M Contracting, Inc., C.B.I. LLC, G & S Glass, L.L.C., Hellas Construction, Inc., JD Krane Floor Designs, L&G Concrete Construction, Inc., Nato Garcia Company, P.H.I. Service Agency, Inc., Solid Lath & Plaster, Inc., Southern Mechanical Air Conditioning, Strong Structural Steel, Ltd., Teni-Trak, Inc., Valley General Service, L.L.C., RGV Alliance Construction, LLC, and Visionscapes, Inc.

21. In its countersuit, PSJA alleges that the all of the subcontractors on the High School caused defective work to be performed and that such defective work resulted in property damage to the work of other subcontractors and to PSJA property.

22. In that regard, PSJA makes the following allegations with respect to all subcontractors performing work on the High School:

> The Counter-Defendants Vratsinas Construction Company and VCC, LLC employed subcontractors on the SHS Project. The negligence of those subcontractors caused defective work to be performed and damaged the property of PSJA ISD and also damaged work which was not otherwise defective, resulting in property damage and necessitating repairs, not only to the defective work, but also to the work of others which was affected by such negligence. Pharr-San Juan-Alamo Independent School District seeks compensation for those damages from Vratsinas Construction Company and VCC, LLC for the negligent work of their subcontractors on the SHS Project and for Vratsinas Construction Company's and VCC, LLC's own negligent work on the SHS Project including their negligent supervision of their subcontractors on the SHS Project by Vratsinas Construction Company and VCC, LLC and including the negligence of Vratsinas Construction Company and VCC, LLC in sequencing and coordinating the work.

Pharr-San Juan-Alamo Independent School District's FOURTH AMENDED Original Counterclaim at ¶14 (attached hereto as **Exhibit A**).

23. Additionally, PSJA alleges that the defective work of the subcontractors resulted in damages both during ongoing and completed operations. In that regard, PSJA makes the following allegations:

> Each of the subcontractors on the SHS Project ("SHS sub") completed some or all of the subcontractor's work from the inception of the project through substantial completion; the work of each SHS sub was defective when the SHS sub was working at the SHS project and on the SHS project and throughout the construction and installation process, and such defective work caused and is causing immediate and continuous damages to the school that includes, but is not limited to, damages to the work performed by other SHS subs; these resulting damages occurred and arose as soon as the work was performed; and as a result of the negligent and defective work by each SHS sub, damages have been continuous and ongoing, continuing each year from inception of the project to present, affecting materials and work of other subs at the school; and as a result of the negligent and defective work by each SHS sub, the District will have to incur repair and/or replacement costs that are damages resulting from such negligence and such damages include, but are not limited to, rip and tear damages to the work of other SHS subs, in order to correct the negligence of each of the SHS subs described herein and in order to correct the defects created by that negligence and to end the continuing damages being suffered by the School District.

*Id.* at ¶14A.

24. In addition to generally alleging that all of the subcontractors' work was defective and resulted in property damage, PSJA also named certain subcontractors as

defendants, including Alliance Specialized Systems, C & M Contracting, C.B.I. LLC, G & S Glass, Hellas Construction, JD Krane Floor Designs, L&G Concrete Construction, Inc., Nato Garcia Company, P.H.I. Service Agency, Inc., Solid Lath & Plaster, Inc., Southern Mechanical Air Conditioning, Strong Structural Steel, Ltd., Teni-Trak, Inc., Valley General Service, L.L.C., RGV Alliance Construction, LLC, and Visionscapes, Inc. *See id*. at ¶15.1-19.

25. As to each of the named subcontractor defendants, PSJA makes the following general allegations:

> Each of the following named Counter-Defendants were subcontractors to Vratsinas Construction Company and VCC, LLC on the SHS Project and each of them negligently caused defective work to be performed on that Project that damaged the property of PSJA ISD and also damaged the work of others that was not otherwise defective, resulting in property damage and necessitating repairs, not only to the defective work, but also to the work of others which was affected by such negligence. Pharr-San Juan-Alamo Independent School District seeks compensation for those damages from each of these Counter-Defendants for the damages their negligence inflicted upon the District.

*Id*. at ¶15.

26. Pursuant to VCC's subcontracts, each subcontractor was required to name VCC and others as additional insureds on their commercial general liability insurance policies. *See* Subcontracts (attached hereto as **Exhibit B**). In particular, the subcontracts each contain the following provision:

> Policies must provide, either by inclusion in the form or by separate endorsement, the following coverages written as an "occurrence" type coverage and not as a "claims made" type coverage:
>
> \*\*\*
>
> 10. Contractor, Owner and Architect (and others if required in the Contract Document) as Additional Insureds, including coverage for ongoing operations and for completed operations for the same period of time indicated in A.1 above.
>
> 11. Coverage shall provide PRIMARY coverage to any insurance of the Additional Insured.

*Id*.

27. The subcontract with RGV Alliance is the sole exception to the foregoing allegation in paragraph 22 and contains the following language:

**ARTICLE 13: INSURANCE REQUIREMENTS**

SUBCONTRACTOR further agrees to comply with the following insurance requirements, and to furnish a certificate of insurance for each of the following naming the CONTRACTOR as an additional named insured. SUBCONTRACTOR agrees to comply with all laws and regulations of the United States of America, and any political subdivision of either or the requirement of any insurance company carrying insurance with respect to the work being done on the project or of any appropriate insurance industry board relating to the furnishing of a safe and healthy work place for personnel on the project or coming on the project site.

Subcontract Short Form at Article 13 (attached hereto at **Exhibit C**).

28. Accordingly, VCC tendered the Underlying Lawsuit to each of the subcontractors and their carriers for a defense and indemnity.

29. Upon information and belief, Defendant Greenwich Insurance Company ("Greenwich") issued Policy No. RMG6400132 and renewals, with effective dates from September 21, 2007 to September 21, 2016, to Alliance Specialized Systems (the "Greenwich Policy").

30. VCC tendered its claim for additional insured coverage to Alliance Specialized Systems and its carriers, including Greenwich, on November 2, 2016, July 10, 2017, July 21, 2017, and August 8, 2017. On August 24, 2017, Greenwich rejected VCC's claim for additional insured coverage. Upon information and belief, the Greenwich Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Alliance Specialized Systems.

31. Upon information and belief, Defendant Max Specialty Insurance Company issued Policy No. MAXGL0000570, effective from February 12, 2010 to February 12, 2011, to C&M Contracting, Inc. (the "Max Specialty Policy").

32. VCC tendered its claim for additional insured coverage to C&M Contracting, Inc. and its carriers, including Max Specialty, on November 2, 2016, July 21, 2017, and August 28, 2017. Max Specialty has failed to accept or reject VCC's claim for additional insured coverage, constituting a constructive denial. Upon information and belief, the Max Specialty Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and C&M Contracting, Inc.

33. Upon information and belief, Defendant Landmark American Insurance Company issued Policy No. LHA134923, to C.B.I. LLC (the "Landmark Policy").

34. VCC tendered its claim for additional insured coverage to C.B.I. LLC and its carriers, including Landmark American Insurance Company, on November 2, 2016 and July 21, 2017. Landmark American Insurance Company has failed to accept or reject VCC's claim for additional insured coverage, constituting a constructive denial. Upon information and belief, the Landmark Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and C.B.I. LLC.

35. Upon information and belief, Defendant Scottsdale Insurance Company issued Policy No. CPS110837 and renewals with effective dates of November 6, 2010 through December 6, 2014 to G&S Glass, LLC (the "Scottsdale Policy").

36. VCC tendered its claim for additional insured coverage to G&S Glass, LLC and its carriers, including Scottsdale Insurance Company, on November 2, 2016 and July 21, 2017. Scottsdale Insurance Company rejected VCC's claim for additional insured coverage. Upon

information and belief, the Scottsdale Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and G&S Glass, LLC.

37. Upon information and belief, Defendant America First Lloyds issued Policy No. CBP8617035, with effective dates of March 7, 2010 through March 7, 2011 and March 7, 2012 through March 7, 2015 to Hellas Construction, Inc. (the "America First Lloyds Policy").

38. VCC tendered its claim for additional insured coverage to Hellas Construction, Inc. and its carriers, including America First Lloyds, on November 2, 2016 and July 21, 2017. America First Lloyds rejected VCC's claim for additional insured coverage. Upon information and belief, the America First Lloyds Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Hellas Construction, Inc.

39. Upon information and belief, Defendant Scottsdale Insurance Company issued Policy No. CPS1208832, with effective dates of June 24, 2010 through June 24, 2011 to JD Krane Floor Designs (the "Scottsdale / JD Krane Policy").

40. VCC tendered its claim for additional insured coverage to JD Krane Floor Designs and its carriers, including Scottsdale Insurance Company, on November 2, 2016, April 25, 2017, and July 21, 2017. Scottsdale Insurance Company has neither accepted nor rejected VCC's claim for additional insured coverage despite being provided ample time to do so, effectively denying the tender. Upon information and belief, the Scottsdale / JD Krane Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and JD Krane Floor Designs.

41. Upon information and belief, Defendant America First Lloyds issued Policy No. CBP6671323, with effective dates of June 1, 2011 through June1, 2012 to JD Krane Floor Designs (the "America First Lloyds / JD Krane Policy").

42. VCC tendered its claim for additional insured coverage to JD Krane and its carriers, including America First Lloyds, on November 2, 2016, April 25, 2017, and July 21, 2017. America First Lloyds has neither accepted nor rejected VCC's claim for additional insured coverage despite being provided ample time to do so, effectively denying the tender. Upon information and belief, the America First Lloyds / JD Krane Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and JD Krane Floor Designs.

43. Upon information and belief, Defendant Liberty Mutual Fire Insurance Company issued Policy No. TBJ-Z 91-453803-020 and renewals, with effective dates of February 5, 2010 through February 5, 2018 to L&G Concrete Construction, Inc. (the "Liberty Mutual Fire Policy").

44. VCC tendered its claim for additional insured coverage to L&G Concrete Construction, Inc. and its carriers, including Liberty Mutual Fire Insurance Company, on July 10, 2017 and July 21, 2017. Liberty Mutual Fire Insurance Company has neither accepted nor rejected VCC's claim for additional insured coverage despite being provided ample time to do so, effectively denying the tender. Upon information and belief, the Liberty Mutual Fire Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and L&G Concrete Construction, Inc.

45. Upon information and belief, Defendant Cypress Texas Insurance issued Policy No. GTX-1005621, with effective dates of January 1, 2010 through January 1, 2011, to Nato Garcia Company (the "Cypress Texas Insurance Policy").

46. VCC tendered its claim for additional insured coverage to Nato Garcia Company and its carriers, including Cypress Texas Insurance, on November 2, 2016, July 10, 2017, and July 21, 2017. Cypress Texas Insurance rejected VCC's claim for additional insured coverage. Upon information and belief, the Cypress Texas Insurance Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Nato Garcia Company.

47. Upon information and belief, Defendant America First Lloyds issued Policy No. CBP1154265 and renewals, with effective dates of August 30, 2010 through August 30, 3014 to P.H.I. Service Agency, Inc. (the "America First Lloyds / P.H.I. Service Policy").

48. VCC tendered its claim for additional insured coverage to P.H.I. Service Agency, Inc. and its carriers, including America First Lloyds, on November 2, 2016, April 25, 2017, and July 21, 2017. America First Lloyds denied VCC's claim for additional insured coverage. Upon information and belief, the America First Lloyds / P.H.I. Service Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and P.H.I. Service Agency, Inc.

49. Upon information and belief, Defendant Nautilus Insurance Company issued Policy No. NN037877 effective from August 12, 2010 through August 12, 2011, Policy No. NN137110, with effective dates of August 12, 2011 through August 12, 2012, and Policy No. NN271421, with effective dates of August 12, 2012 through 2013 to Solid Lath & Plaster, Inc. (the "Nautilus Policy").

50. VCC tendered its claim for additional insured coverage to Solid Lath & Plaster, Inc. and its carriers, including Nautilus Insurance Company, on November 2, 2016 and August 30, 2017. Nautilus Insurance Company denied VCC's claim for additional insured coverage. Upon information and belief, the Nautilus Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Solid Lath & Plaster, Inc.

51. Upon information and belief, Defendant Peerless Indemnity Insurance Company issued Policy No. CBP 5562147 effective from February16, 2011 through February 16, 2014 to Southern Mechanical Air Conditioning, Inc. (the "Peerless Policy").

52. VCC tendered its claim for additional insured coverage to Southern Mechanical Air Conditioning, Inc. and its carriers, including Peerless Indemnity Insurance Company, on November 2, 2016, April 26, 2017, and July 21, 2017. Peerless Indemnity Insurance Company denied VCC's claim for additional insured coverage. Upon information and belief, the Peerless Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Southern Mechanical Air Conditioning, Inc.

53. Upon information and belief, Defendant Lexington Insurance Company issued Policy No. 031428151-11 and renewals, effective from June 17, 2011 through June 17, 2013 to Strong Structural Steel, Ltd. (the "Lexington Policy").

54. VCC tendered its claim for additional insured coverage to Strong Structural Steel, Ltd. and its carriers, including Lexington Insurance Company, on November 2, 2016 and April 26, 2017. Lexington Insurance Company has neither accepted nor denied VCC's claim for additional insured coverage despite being provided ample time to do so, effectively denying the tender. Upon information and belief, the Lexington Policy contains an additional insured

endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Strong Structural Steel, Ltd.

55. Upon information and belief, Defendant General Insurance Company issued Policy No. 24CC264273 and renewals, effective from February 19, 2009 through February 19, 2016 to Teni-Trak, Inc. (the "General Policy").

56. VCC tendered its claim for additional insured coverage to Teni-Trak, Inc. and its carriers, including General Insurance Company, on November 2, 2016, April 25, 2017, and August 8, 2017. General Insurance Company denied VCC's claim for additional insured coverage. Upon information and belief, the General Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Teni-Trak, Inc.

57. Upon information and belief, Defendant Essex Insurance Company issued Policy No. 3CY5380 effective from January 30, 2009 through January 30, 2010 to Valley General Service, LLC (the "Essex Policy").

58. VCC tendered its claim for additional insured coverage to Valley General Service, LLC and its carriers, including Essex Insurance Company, on November 2, 2016, and July 21, 2017. Essex Insurance Company has neither accepted nor denied VCC's claim for additional insured coverage despite being provided ample opportunity to do so, effectively denying the tender. Upon information and belief, the Essex Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Valley General Service, LLC.

59. Upon information and belief, Defendant Nautilus Insurance Company issued a commercial general liability policy effective from November 26, 2012 through November 26, 2013 to RGV Alliance Construction LLC (the "Nautilus / RGV Alliance Policy").

60. VCC tendered its claim for additional insured coverage to RGV Alliance Construction LLC and its carriers, including Nautilus Insurance Company, on July 21, 2017. Nautilus Insurance Company has neither accepted nor denied VCC's claim for additional insured coverage despite being provided ample opportunity to do so, effectively denying the tender. Upon information and belief, the Nautilus / RGV Alliance Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and RGV Alliance Construction LLC.

61. Upon information and belief, Defendant Selective Insurance Company issued Policy No. S1613015 effective January 1, 2010 through January 1, 2011 to Visionscapes Inc. (the "Selective Policy").

62. VCC tendered its claim for additional insured coverage to Visionscapes Inc. and its carriers, including Selective Insurance Company, on November 2, 2016, April 26, 2017, and July 21, 2017. Selective Insurance Company has neither accepted nor denied VCC's claim for additional insured coverage despite being provided ample opportunity to do so, effectively denying the tender. Upon information and belief, the Selective Policy contains an additional insured endorsement, and provides additional insured coverage to VCC as required by the contract between VCC and Visionscapes Inc.

63. To date, the carriers named above have not contributed in any way to VCC's defense costs.

## IV.   CAUSES OF ACTION

64. Each of the foregoing paragraphs is incorporated by reference in the following causes of action as though fully set forth herein.

A. **DECLARATORY JUDGMENT**

65. An actual controversy exists between Plaintiff on one hand, and Defendants on the other hand, as to the scope of coverage provided to Plaintiff through the terms and conditions of Defendants' policies issued to Alliance Specialized, C & M Contracting, Inc., C.B.I. LLC, G & S Glass, L.L.C., Hellas Construction, Inc., JD Krane Floor Designs, L&G Concrete Construction, Inc., Nato Garcia Company, P.H.I. Service Agency, Inc., Solid Lath & Plaster, Inc., Southern Mechanical Air Conditioning, Strong Structural Steel, Ltd., Teni-Trak, Inc., Valley General Service, L.L.C., RGV Alliance Construction, LLC, and Visionscapes, Inc. In particular, a dispute exists as to whether Defendants are obligated to defend Plaintiffs in connection with the Underlying Lawsuit under one or more of the policies issued to VCC's subcontractors.

66. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration that Defendants have a duty to defend Plaintiff in connection with the Underlying Lawsuit under each of the policies issued to the subcontractors.

B. **BREACH OF CONTRACT**

67. The policies each set forth contractual obligations on the part of Defendants to defend and indemnify certain additional insureds when claims are made against them for "property damage," and none of the exclusions in the policies preclude coverage.

68. Defendants have breached the terms and provisions of each of the policies by failing to provide a defense to VCC against the claims asserted by PSJA in the Underlying Lawsuit.

### C. PROMPT PAYMENT OF CLAIMS ACT

69. The failure of Defendants to promptly accept coverage when it is reasonably clear that coverage exists constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

70. Plaintiff, therefore, in addition to its claim for damages, is entitled to an 18% penalty and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### E. ATTORNEYS' FEES

71. Plaintiff, as an additional insured on each of the policies issued by the Defendants, engaged the undersigned to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

72. Plaintiff prays that it be awarded all reasonable attorneys' fees incurred in prosecuting the causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code. In addition, and/or in the alternative, Plaintiff may be awarded attorneys' fees as permitted under the Prompt Payment of Claims Act.

### V. CONDITIONS PRECEDENT

73. All conditions precedent to Plaintiff's right to recover under the policies have occurred, have been fully performed, or have been waived by Defendants.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Defendants, that this Court declare and adjudge that Plaintiff recover all damages from and against Defendants that it may reasonably establish by a preponderance of the evidence, and that this Court award attorneys'

fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

SHIDLOFSKY LAW FIRM PLLC

By: */s/ Lee H. Shidlofsky*
Lee H. Shidlofsky
State Bar No. 24002937
Southern District No. 22026
lee@shidlofskylaw.com
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
Telephone: (512) 685-1400
Facsimile: (866) 232-8709

**ATTORNEYS FOR PLAINTIFF
VCC, LLC**